NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| James WILLIAMS, | |
|     Plaintiff, | Civ. No. 09-2236 (AET) |
| v. | |
| Sean P. HEBBON, et al., | OPINION & ORDER |
|     Defendants. | |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

    This matter has come before the Court upon the Motion to Dismiss [docket # 52] filed by Defendants Sean Hebbon and Jolanda Lacewell. The motion is unopposed. The Court has decided the matter upon consideration of the parties' written submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, both motions are granted.

## II. BACKGROUND

    Plaintiff James Williams brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights arising from his arrest and prosecution in Somerset County in 2009 and 2010. Defendants Sean Hebbon and Jolanda Lacewell—officers involved in Plaintiff's arrest— have moved to dismiss the claims against them on the same grounds that the Court previously dismissed the claims against the other co-defendants. The Court converted Defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure l2(d)

so that the Court could consider various exhibits attached to the motions for summary judgment filed by co-defendants.  (Order 1, July 28, 2011) [58].

On April 6, 2009, police officers from Franklin Township responded to a report of a burglary in progress at the Video Corporation of America.  (Somerset County Defs.' Mot. for Summ. J. Ex. A) [37-3].  Upon arrival, an employee of the video store told the officers that he had heard noises on the roof and that there was a ladder leaning against the building.  (*Id.*)  The officers scaled the ladder and found Plaintiff James Williams and another man, Sanford Williams, Jr., crouched on the roof.  (*Id.*)  The suspects were arrested and transported to police headquarters.  (*Id.*)  On the roof, officers found a crow bar, a small axe, a saw, a sledge hammer, and shingles that had been removed from the roof.  (*Id.*)  There was also a large hole in the roof.  (*Id.* Ex. B.)  In the parking lot, the officers found a car with its front passenger windows shattered and its radio forcibly removed.  (Pl.'s Br. in Opp'n to Seiwert Mot. for Summ. J. Ex. A, Affidavit/Certification in Support of Probable Cause) [50-1].

As a result of the incident, Plaintiff was charged with several crimes.  Initially, he was charged with burglary and attempted burglary on April 9, 2009.  A month later, the burglary charge was administratively dismissed for insufficient evidence.  (Somerset County Defs.' Mot. for Summ. J. Ex. E.)  Plaintiff was also indicted by the Somerset County Grand Jury on charges of attempted burglary and criminal mischief.  (*Id.* Ex. C.)  On April 13, 2010, Plaintiff and the Prosecutor's Office entered into a written plea agreement whereby Plaintiff pleaded guilty to the attempted burglary charge and the criminal mischief charge.  (*Id.* Ex. F.)  Plaintiff, his attorney, and the Assistant Prosecutor then went before the court to place the plea agreement on the record, and Plaintiff admitted to the acts alleged, acknowledged that he understood the nature of the plea agreement, and stated that he was pleading guilty voluntarily.  (*Id.* at Ex. G.)  Plaintiff

was sentenced to four years of incarceration on the attempted burglary charge and eighteen months on the criminal mischief charge with the sentences to run concurrently. (*Id.* at Ex. H.)

Plaintiff filed this Complaint on October 13, 2009, alleging various claims under 42 U.S.C. § 1983. According to the Amended Complaint, Defendants involvement was as follows: Defendant Hebbon, among other allegations, "falsified complaint against plaintiff . . . Hebbon sworn [sic] under oath that plaintiff committed a burglary on said date that did not occur nor did plaintiff commit." (Am. Compl. 5) [8-1]; (*see* Somerset County Defs.' Mot. for Summ. J. Ex. D, Complaint Warrant) [37-3]. And Defendant Lacewell signed a "sworn affidavit in support of probable cause or to establish cause [that] was fabricated and/or was untrue." (Am. Compl. 13) [8-1]; (*see* Pl.'s Br. in Opp'n to Seiwert Mot. for Summ. J. Ex. A, Affidavit/Certification in Support of Probable Cause) [50-1]. Plaintiff characterizes these allegations as "obstruction of justice," "official misconduct," and "duplicity of charging." (Am. Compl. 10.)

### III. ANALYSIS

#### A. Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court will "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." *Id.*; *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–

52 (1986). More specifically, the Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant's motion is supported by facts, the party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). More than a mere "scintilla of evidence" supporting the non-moving party is required. *Anderson*, 477 U.S. at 252. Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. *Celotex*, 477 U.S. at 323–24.

### B. Application

The claims against Defendants Hebbon and Lacewell are based on Plaintiff's allegation that the charges filed against him were false and that Defendants falsified documents to support these charges. (*See* Pl.'s Br. in Opp'n to Seiwert Mot. for Summ. J. Ex. A, Affidavit/ Certification in Support of Probable Cause) [50-1]; (Somerset County Defs.' Mot. for Summ. J. Ex. D, Complaint Warrant) [37-3].

To succeed on his challenge to the sufficiency of an affidavit of probable cause, Plaintiff must show, by a preponderance of the evidence: (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created the falsehood in applying for the warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155 (1978); *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). Plaintiff's claims against Defendants fail because, even drawing reasonable inferences in his favor, he has presented no evidence to show that Defendants made any material false statements or omissions knowingly or with

reckless disregard to their truth or falsity. In fact, he has not even identified exactly what misstatements Defendants are alleged to have made. Accordingly, we will grant summary judgment in favor of Defendants and dismiss all claims against them.

## IV. CONCLUSION

For the reasons set forth above, IT IS on this 12th day of September, 2011,

ORDERED that the Motion to Dismiss [docket # 52] filed by Defendants Hebbon and Lacewell, which the Court has converted into a motion for summary judgment is GRANTED; and it is

ORDERED that summary judgment is GRANTED in favor of Defendants Hebbon and Lacewell; and it is

ORDERED that all claims against Defendants Hebbon and Lacewell are DISMISSED; and it is

ORDERED that this case is CLOSED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.